COMMISSIONER OF INTERNAL REVENUE, Petitioner,

v.

David E. LANE; Donna P. Lane, Respondents.

Virginia M. Marten, Petitioner— Appellant,

v.

Commissioner of Internal Revenue, Respondent—Appellee.

No. 00–71238, 00–71334.
Tax Ct. No. 16223–97.
Tax Ct. No. 3401–97.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 10, 2002.

Decided May 1, 2002.

Before REINHARDT and GRABER, Circuit Judges, and HUNT,* District Judge.

### MEMORANDUM **

Virginia M. Marten appeals the U.S. Tax Court's determination that she was deficient in paying her taxes. The Commissioner of Internal Revenue appeals the related case against Marten's ex-husband, David E. Lane. We have jurisdiction under Internal Revenue Code § 7482(a)(1), and we affirm.

Alimony payments constitute taxable income for the receiving spouse and deductible expenditures for the paying spouse. I.R.C. § 215. Under the version of Section 71 of the Internal Revenue Code in effect at the time of Lane and Marten's support decree, a payment qualified as alimony if it was 1) incurred by the husband under a decree of divorce or separation, or a written instrument incident to such divorce or separation; 2) made in discharge of a legal obligation based on the marital or family relationship; and 3) made periodically. I.R.C. § 71(a)(1) (1954).

■ Marten contends that the Tax Court should have applied the more restrictive definition of alimony adopted as part of the Deficit Reduction Act of 1984

("DEFRA"), Pub.L. No. 98–369, § 422(a), 98 Stat. 494, 796 (1984). DEFRA's changes apply only to divorce or separation instruments executed after December 31, 1984, and to instruments "executed before January 1, 1985, but modified on or after such date if the modification expressly provides that the amendments made by this section shall apply to such modification." *Id.* § 422(e), 98 Stat. at 798. Here a support decree was originally executed in 1984, then modified in 1987. The 1987 modifications did not expressly provide for application of the post-DEFRA version of Section 71. Therefore, the Tax Court did not err in holding that pre-DEFRA law applies to the modified decree.

■ Applying the pre-DEFRA version of Section 71, Lane's payments of insurance premiums qualify as alimony because they were incurred under a support decree incident to divorce, made in discharge of a legal obligation based on the marital relationship, and made periodically. However, Marten argues that the payments should not be considered alimony because the policy was for the benefit of their child and because she received no ascertainable economic benefit.

Child support payments do not qualify as alimony taxable to the receiving spouse or deductible by the paying spouse. I.R.C. § 71(b) (1954). Payments to a spouse will be considered child support only if the support decree or agreement "fix[es] the payments for the support of minor children of the husband." *Id.; see also Commissioner v. Lester,* 366 U.S. 299, 303, 81 S.Ct. 1343, 6 L.Ed.2d 306 (1961). Lane and Marten indicated that the purpose of the policy was in part to provide for their son's care. However, the written support

---

* The Honorable Roger L. Hunt, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

decree does not fix the insurance payments, or a portion thereof, as payable for the support of their minor child. Therefore, the Tax Court did not err in finding that the insurance premiums were not child support.

For a payment to be considered alimony, the receiving spouse must actually receive payment or constructively obtain an "ascertainable economic benefit." *Wright v. Commissioner*, 62 T.C. 377, 1974 WL 2776 (1974), *aff'd*, 543 F.2d 593 (7th Cir. 1976). In the context of insurance policies, a spouse must be both the owner and irrevocable beneficiary of the policy for payment of premiums to be considered income. *See Sperling v. Commissioner*, 726 F.2d 948, 954 (2d Cir.1984). Here Marten was the owner and irrevocable beneficiary of the policy on Lane's life and had the right to borrow against the policy, receive interest from the policy, and exchange the policy for its cash surrender value. The Tax Court did not err in finding that Marten received an ascertainable economic benefit from the life insurance policy.

■ Finally, Marten contends that the district court abused its discretion in denying her request to estop Lane from denying that the insurance premium payments were child support. The same payments, however, can result in benefits to both a wife and child. Such payments constitute alimony when they are not labeled as child support and meet the statutory requirements for alimony, as the payments here do. Therefore, Lane's previous statements that the payments were for the care of his child are not necessarily inconsistent with his present argument that they also provided benefits to his wife and should be classified as alimony. Accordingly, the Tax Court did not abuse its discretion in

holding that the doctrine of judicial estoppel does not apply in this case.

AFFIRMED.